UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| REVOLUTION HEALTH GROUP, LLC | ) | CASE NO. 08 CV 3464 (GEL) |
| | ) | |
| | ) | |
| Plaintiff | ) | ECF CASE |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| HUMMINGBIRD COACHING SERVICES, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hummingbird Coaching Services, LLC ("Hummingbird") gives notice of removal of the above-captioned action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York based on diversity jurisdiction. In support of this notice of removal, Hummingbird states as follows:

1.     On February 29, 2008 Plaintiff Revolution Health Group, LLC ("Revolution") filed an action against Hummingbird in the Supreme Court of New York, New York County, Index No. 08600607 (hereinafter the "state court action").

2.     On March 11, 2008, Hummingbird was served with a summons and complaint in the state court action. Copies of the Summons and Complaint are attached as **Exhibit A**. Hummingbird also attaches from the state court action as **Exhibit B** copies of the Affidavit of Service, Request for Judicial Intervention, and Statement in Support of Request for Assignment to Commercial Division. Exhibits A and B comprise all documents served upon Hummingbird in the state court action.

3.     No further pleadings have been served on Hummingbird, and no further proceedings have taken place in the state court action.

{W1246218.2}

4.     Hummingbird is an Ohio limited liability company with its principal place of business at 312 Walnut Street, Suite 1020, Cincinnati, Ohio.  Revolution served the Complaint upon Hummingbird at Hummingbird's principal place of business in Cincinnati, Ohio. (Ex. A). All of Hummingbird's members are citizens and residents of the State of Ohio.

5.     Revolution is a Delaware limited liability company with its principal place of business at 1717 Rhode Island NW, Washington, D.C.  Upon information and belief, none of Revolution's members are citizens and residents of the State of Ohio.

6.     Revolution seeks, among other remedies, damages in the amount of $155,726.65. (Complaint, at Ex. A).

7.     Diversity jurisdiction exists over this action under 28 U.S.C. § 1332(a) in that this is a dispute between citizens and/or members of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     Because this action falls within the Court's original jurisdiction under 28 U.S.C. § 1332(a), removal is appropriate under 28 U.S.C. § 1441(a).

9.     The United States District Court for the Southern District of New York is the district court for the judicial district and division embracing New York County, where the state court action is pending.  28 U.S.C. § 112(b).

10.    This notice of removal is filed within 30 days after service of the summons and complaint on Hummingbird and is timely under 28 U.S.C. § 1446(b).

11.    Hummingbird is simultaneously filing a copy of this Notice of Removal with the Supreme Court of New York, New York County, a copy of which filing is attached hereto as **Exhibit C**.  The notice of removal has also been served on Revolution's counsel.

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).  Defendant Hummingbird Coaching Services, LLC respectfully requests that this Court enter the appropriate orders to affect the removal of this case from the Supreme Court of New York, New York County to this Court.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:___s/ Brian J. Butler
       Brian J. Butler (BB3493)
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8000
Fax:  (315) 218-8100
Email: butlerb@bsk.com

and

TAFT STETTINIUS & HOLLISTER LLP
Maria P. Vitullo (MV0141)
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
Email:  vitullo@taftlaw.com

*Attorneys for Defendant*

# Exhibit A

SCANNED ON 2/29/2009

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART** _____

REVOLUTION HEALTH GROUP, LLC,

                                                *Plaintiff,*

                    -against-

HUMMINGBIRD COACHING SERVICES,
LLC,

                                                *Defendant.*

**08600607**

Index No.: _____/08

<u>**SUMMONS**</u>

*FILED*
*FEB 29 2008*
*COUNTY CLERK'S OFFICE*
*NEW YORK*

TO:    Hummingbird Coaching Services, LLC
       312 Walnut Street
       Suite 1020
       Cincinnati, Ohio 45202

     **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's

attorney an Answer to the Complaint in this action within twenty days after the service of

this Summons, exclusive of the day of service, or within thirty days after service is

complete if this Summons is not personally delivered to you within the State of New

York.  In case of your failure to answer, judgment will be taken against you by default for

the relief demanded in the Complaint.

*00050178.doc*

Plaintiff designates New York County as the place of trial.

Dated: New York, New York
February 29, 2008

**SCHLAM STONE & DOLAN LLP**

By: _____
Jeffrey M. Eilender
David J. Katz
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
*Attorneys for Plaintiff*

*00050178.doc*

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART** _____

REVOLUTION HEALTH GROUP, LLC,

                                        *Plaintiff,*

                    -against-

HUMMINGBIRD COACHING SERVICES,
LLC,

                                        *Defendant.*

Index No.: _____/08  **0 8 6 0 0 6 0 7**

**COMPLAINT**

        Plaintiff Revolution Health Group, LLC ("Revolution"), by its undersigned counsel, for

its Complaint against Defendant Hummingbird Coaching Services, LLC ("Hummingbird"),

alleges as follows:

                    **INTRODUCTION**

    1.        This is an action by a provider of health care information services against

its vendors for declaratory and monetary relief.  Specifically, Hummingbird is threatening to sue

Revolution for breaching a services "agreement" that is nothing more than an agreement to

agree, because key material terms — the entire Statement of Work and the prices at which the

services were to be performed — were left for future negotiations and never agreed upon.  Thus,

Revolution seeks a declaration that the contract is unenforceable and seeks to recoup

approximately $156,000 in good faith payments it made to Hummingbird while these terms were

under negotiation and for which Revolution never received any services or other benefits from

Hummingbird.

*00050171.doc*

## FACTUAL BACKGROUND

**A.    The Parties**

2.    Revolution offers, among other things, a consumer health and wellness information service through revolutionhealth.com and premium services that enable employers to provide health content and customized online tools to their employees, including customized portals, employee wellness incentives and telephonic services.  Revolution maintains a sales office in at 317 Madison Avenue, New York, New York.

3.    On information and belief, Hummingbird provides, among other things, global coaching services to help individual improve their lives.

**B.    The Parties' Agreement to Agree**

4.    In 2006, the parties began negotiating a transaction pursuant to which Hummingbird would provide coaching services to Revolution, which Revolution would, in turn, offer to its customers.

5.    As a spring board for the negotiation of a final, complete, and binding agreement, on or about October 12, 2006, the parties executed a document entitled "Application and Services Provider Agreement" ("ASPA").

6.    Although titled an "agreement," the ASPA is missing two material terms that are common in every services agreement.

7.    First, it is missing a Statement of Work, which was to provide a mutually agreed upon, detailed description of the services to be provided by Hummingbird to Revolution and which was to be signed by both parties.

8.    Second, it is missing the prices at which the services contemplated in the Statement of Work are to be provided.

*00050171.doc*                                        2

9.    Instead, the ASPA provides that Revolution will pay Hummingbird at least $400,000 during the first year of a two-year term and at least $800,000 during the second year. As noted above, however, the ASPA no where states what services are to be provided in exchange for these monies or at what prices such services are to be offered.

10.    Finally, the ASPA provides that it is to be governed by New York law and that "[a]ll actions or proceedings arising out of or relating to this Agreement, its validity, performance, enforcement, or breach, or the subject matter of this Agreement, shall be exclusively adjudicated in state or federal court in the State of New York and the parties hereby irrevocably consent and submit themselves to the personal jurisdiction of said courts for all such purposes."

## C.    The Parties Fail to Reach Agreement on the Missing Material Terms

11.    From in or about October 2006, until in or about February 2008, the parties negotiated in good faith in an attempt to reach an agreement on the missing material terms of the ASPA, *i.e.*, the services to be provided and the prices at which those services were to be provided. They never reached an agreement on these material terms.

12.    During the course of these negotiations, Revolution made two good faith payments to Hummingbird as advances against which future services were to be provided. Specifically, on or about February 16, 2007, Revolution paid Hummingbird $55,726.65, and on or about August 3, 2007, Revolution paid Hummingbird $100,000. As of the filing of this Complaint, Hummingbird never provided Revolution with any services or other benefits in exchange for the $155,726.65 paid by Revolution.

Supreme Court Records OnLine Library - page 5 of 9

**D.**    **Hummingbird Threatens to Sue Revolution for Breach of Their Agreement to Agree**

13.    By letter dated February 21, 2008,[1] and addressed to Revolution's Chief

Executive Officer, Hummingbird's outside counsel accused Revolution of being in default of its

obligations under the ASPA and being in anticipatory breach of the ASPA.

14.    Specifically, the letter states that "[b]ecause Revolution failed to pay $100,000 on

September 30, 2007, it is in material breach of the Agreement" and that the entire unpaid balance

of the $1.2 million minimum revenue stream referenced above was due and owing.

15.    Finally, the letter closed with a threat to sue Revolution for breach of contract in

New York if it Hummingbird's counsel did not receive a response by March 2, 2008.

**AS AND FOR A FIRST, SEPARATE**
**AND DISTINCT CAUSE OF ACTION**
**(DECLARATORY JUDGMENT)**

16.    Revolution repeats, reiterates, and realleges each and every allegation contained

in Paragraphs enumerated 1-15 of the within Complaint as if more fully set forth at length herein.

17.    As described above, there exists a dispute between Revolution and Hummingbird

with respect to whether the ASPA is an enforceable contract.  This dispute is ripe for

adjudication, and Revolution does not have an adequate remedy at law.

18.    Accordingly, Revolution requests a declaratory judgment that (a) the ASPA is not

an enforceable contract, (b) the ASPA imposes no legal obligations on the parties, and (c)

Revolution is not liable to Hummingbird for its failure to perform any obligations contained in

the ASPA.

---

[1]  A copy of this letter is attached hereto as Exhibit 1.

Supreme Court Records OnLine Library - page 6 of 9

## AS AND FOR A SECOND SEPARATE
## AND DISTINCT CAUSE OF ACTION
## (UNJUST ENRICHMENT)

19.     Revolution repeats, reiterates, and realleges each and every allegation contained in Paragraphs enumerated 1-18 of the within Complaint as if more fully set forth at length herein.

20.     Hummingbird obtained $155,726.65 from Revolution without providing Revolution any services or other benefits and thus unfairly received a substantial benefit at the expense of Revolution.

21.     It would be inequitable for Hummingbird to continue to enjoy this benefit, and thus it should be held liable for unjust enrichment.

**WHEREFORE**, Revolution demands judgment in its favor and against Hummingbird:

A.  On the First Cause of Action, for a declaration that (i) the ASPA is not an enforceable contract, (ii) the ASPA imposes no legal obligations on the parties, and (iii) Revolution is not liable to Hummingbird for its failure to perform any obligations contained in the ASPA; and

B.  On the Second Cause of Action, for unjust enrichment, in an amount to be determined at trial but no less than $155,726.65, plus prejudgment interest and costs; and

C.  On all causes of Action, granting to Revolution such other and further relief as

*00050171.doc*                                    5

to this Court seems just and proper.

Dated: New York, New York
　　　　February 29, 2008

SCHLAM STONE & DOLAN LLP

By: _____
　　　Jeffrey M. Eilender
　　　David J. Katz
　　　26 Broadway
　　　New York, New York 10004
　　　Telephone:　(212) 344-5400
　　　Facsimile:　(212) 344-7677
　　　*Attorneys for Plaintiff*

*00050171.doc*　　　　　　　　　　6

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

REVOLUTION HEALTH GROUP, LLC,

*Plaintiff,*

-*against*-

HUMMINGBIRD COACHING SERVICES,
LLC,

*Defendant.*

Index No.: _____/08

---

## SUMMONS AND COMPLAINT

---

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
(212) 344-5400

*Attorneys for Plaintiff*

# Exhibit B

## IN THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK: IAS PART

REVOLUTION HEALTH GROUP, LLC,

    PLAINTIFF

v.

HUMMINGBIRD COACHING SERVICES, LLC

    DEFENDANT

CASE NO. 600607/08

AFFIDAVIT OF SERVICE

STATE OF OHIO    )
         ) SS.
COUNTY OF HAMILTON  )

TO: HUMMINGBIRD COACHING SERVICES, LLC
312 WALNUT STREET
SUITE 1020
CINCINNATI, OH 45202

*KIRK MCCRACKEN* PERSONALLY APPEARED BEFORE ME; WHO BEING FIRST DULY SWORN, SAYS THAT HE SERVED A COPY OF THE ATTACHED SUMMONS, COMPLAINT, AND ACCOMPANYING DOCUMENTS UPON THE ABOVE-NAMED PARTY ON THE *11* DAY OF *MARCH*, *200Y*, AT APPROXIMATELY *4:35 PM*.

( ) BY DELIVERING TO AND LEAVING WITH THE NOTICED PARTY PERSONALLY;

( ) BY DELIVERING TO AND LEAVING WITH _____, A PERSON OF DISCRETION RESIDING AT THE RESIDENCE OF THE SAID NOTICED PARTY;

( ) BY DELIVERING AND LEAVING WITH _____ THE REGISTERED AGENT FOR THE NOTICED PARTY;

(X) BY DELIVERING AND LEAVING WITH *LANA TAYLOR, AUTHOR REP* AN EMPLOYEE OF THE BUSINESS LISTED FOR THE NOTICED PARTY, AUTHORIZED TO ACCEPT SERVICE.

( ) UPON BEING INSTRUCTED BY _____ LEFT A COPY OF SAID ABOVE REFERENCED DOCUMENTS AT/WITH _____ ON THE ___ DAY OF _____, 2__, AT APPROXIMATELY ___ __M.

( ) SERVICE NOT OBTAINED (PLEASE SEE NOTES BELOW)
(NOTES) *W/F/BRN HR/BRN EYES/5'5/APPROX 45 YRS*

RECEIVED BY: *Lana M. Taylor* SERVICE DATE: *3/11/08* TIME: *4:35 PM*

PROCESS SERVER
LITIGATION SUPPORT SERVICES
817 MAIN STREET, STE. 400
CINCINNATI, OHIO 45202-2153

SWORN TO BEFORE ME THIS *11* DAY OF *MARCH*, *2008*

NOTARY PUBLIC — STATE OF OHIO & KENTUCKY
MY COMMISSION EXPIRES: *8/15/10*

SCANNED ON 3/29/20...

UCS-840(REV 1/2000)

# REQUEST FOR JUDICIAL INTERVENTION

| Supreme | New York | 600607/2008 | 2/29/2008 |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

PLAINTIFF(S):

REVOLUTION HEALTH GROUP, LLC,

DEFENDANT(S):          -against-

HUMMINGBIRD COACHING SERVICES, LLC,

| For Clerk Only |
|---|
| **003788** |
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: _____ Bill of particulars served (Y/N):   | Yes     |✓ No

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

| Request for preliminary conference

| Note of issue and/or certificate of
   readiness

: Notice of motion (return date:_____)
   Relief sought _____

| Order to show cause
   (clerk enter return date:_____)
   Relief sought_____
| Other ex parte application (specify:

_____)

Notice of petition (return date:_____)
Relief sought _____

Notice of medical or dental malpractice
action (specify:_____)

Statement of net worth

Writ of habeas corpus

|✓ Other (specify: Assignment to

Commercial Division       VAL 3
_____)

INDEX NUMBER 600607  YEAR 2008
  6 RJI FEE              95.00
      TOTAL             95.00
      CHECK             95.00

COMS CASHIER™  DATE    TIME  TERM
11472 1000 OPR MAR 14 11:13 AM 89-5

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

### MATRIMONIAL
|    Contested                                    -CM
|    Uncontested                                  -UM

### COMMERCIAL
|✓  Contract                                      -CONT
|   Corporate                                     -CORP
    Insurance (where insurer is a
    party, except arbitration)                   -INS
|   UCC (including sales, negotiable
    instruments)                                 -UCC
|   *Other Commercial                            -OC

_____

### REAL PROPERTY
|   Tax Certiorari                                -TAX
[   Foreclosure                                   -FOR
|   Condemnation                                  -COND
|   Landlord/Tenant                               -LT
    *Other Real Property                         -ORP

_____

### OTHER MATTERS
    *                                            -OTH

### Malpractice
|   Medical/Podiatric
| ] Dental
| | *Other Professional

| Motor Vehicle                                   -MV
   *Products Liability                            -PL

|   Environmental                                 -EN
|   Asbestos                                      -ASB
' | Breast Implant                               -BI
|   *Other Negligence                            -OTN

| *Other Tort (including
   intentional)                                  -OT

### SPECIAL PROCEEDINGS
   Art. 75 (Arbitration)                         -ART75
|  Art. 77 (Trusts)                              -ART77
   Art. 78                                        -ART78
| | Election Law                                 -ELEC
   Guardianship (MHL Art. 81)                    -GUARD81
. . *Other Mental Hygiene                        -MHYG
.'. *Other Special Proceeding                    -OSP

### TORTS

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK:**

REVOLUTION HEALTH GROUP, LLC,

*Plaintiff,*

-*against*-

HUMMINGBIRD COACHING SERVICES,
LLC,

*Defendant.*

**Index No.: 600607/08**

**STATEMENT IN SUPPORT OF
REQUEST FOR ASSIGNMENT TO
COMMERCIAL DIVISION**

I, **DAVID J. KATZ**, am an attorney employed by Schlam Stone & Dolan LLP, counsel for Plaintiff Revolution Health Group, LLC in this matter. I submit this Statement and accompanying copy of the pleadings pursuant to Section 202.70(d)(2) of the Uniform Rules for the Trial Courts, in support of the request of said parties for the assignment of this matter to the Commercial Division of this Court.

(1)    I have reviewed the standards for assignment of cases to the Commercial Division set forth in Section 202.70. The case meets those standards. I therefore request that this case be assigned to the Division.

(2)    The sums at issue in this case (exclusive of punitive damages, interest, costs, disbursements, and counsel fees claimed) are equal to or in excess of the monetary threshold of the Division in this county as set out in Subdivision(a) of said Section, or equitable or declaratory relief is sought, in that the First Cause of Action seeks a declaratory judgment with respect to contractual amounts allegedly owed to the Defendant, and the Second Cause of Action seeks no less than $155,726.65 for unjust enrichment.

(3)    This case falls within the standards set out in Subdivision (b) of the Section and does not come within the groups of cases set out in Subdivision (c) that will not be heard in the

Division, in that this is not: (1) a suit to collect professional fees, (2) a case seeking a declaratory judgment as to insurance coverage for personal injury or property damage, (3) a residential real estate dispute of any kind, (4) a proceeding to enforce a judgment, (5) a first-party insurance claim or action by an insurer, or (6) an attorney malpractice action.

(4)    This is an action brought by a provider of health care information services against one of its vendors seeking a declaration that there was no enforceable contract signed by them and further seeking the return of certain monies paid to the vendor on account for services that were to be provided if and when the material terms of the parties' agreement were agreed upon but that never were provided.

Dated: New York, New York
       March 13, 2008

By: _____
    David J. Katz

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone No.: (212) 344-5400
Facsimile No.: (212) 344-7677
E-Mail Address: dkatz@schlamstone.com
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

REVOLUTION HEALTH GROUP, LLC,

*Plaintiff,*

-*against*-

HUMMINGBIRD COACHING SERVICES,
LLC,

*Defendant.*

Index No.: 600607/08

---

## STATEMENT IN SUPPORT OF REQUEST FOR
## ASSIGNMENT TO COMMERICAL DIVISION

---

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
(212) 344-5400

*Attorneys for Plaintiff*

# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART

REVOLUTION HEALTH GROUP, LLC    )    INDEX NO.  08600607
    )
    )
    Plaintiffs    )
    )
v.    )
    )
HUMMINGBIRD COACHING SERVICES,    )    **NOTICE OF FILING NOTICE OF**
LLC    )    **REMOVAL**
    )
    Defendants.    )

To:    Clerk, Supreme Court of New York
New York County

PLEASE TAKE NOTICE that on April 9 , 2008, Defendant Hummingbird Coaching Services, LLC filed with the Clerk of the United States District Court for the Southern District of New York the attached Notice of Removal.

Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further with this action, which has now been removed to federal district court.

Dated:  April 9 , 2008

TAFT STETTINIUS & HOLLISTER LLP

By: _____
Maria P. Vitullo
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
Email:  vitullo@taftlaw.com

and

BOND, SCHOENECK & KING, PLLC
Brian J. Butler
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8000
Fax:  (315) 218-8100

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 9 th day of April, 2008, by regular U.S. mail postage pre-paid upon the following:

Jeffrey M. Eilender
David J. Katz
Schlam Stone & Dolan LLP
26 Broadway
New York, New York  10004


_____
Maria P. Vitullo